## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | REBECCA R. PALLMEYER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 0022 | **DATE** | February 11, 2008 |
| **CASE TITLE** | Gregory Champion (2006-0080031) v. State's Attorney Dick Devine, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. This action is dismissed pursuant to 28 U.S.C. §1915A(b)(1) as frivolous. The court orders the trust fund officer at Cook County Jail to deduct $1.60 from plaintiff's account for payment to the clerk of court as an initial partial filing fee and to make further deductions as stated below. The clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Il. 60608. This is one of plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]     Docketing to mail notices.

### STATEMENT

    Plaintiff, Gregory Champion, an inmate at the Cook County Department of Corrections, brings this *pro se* complaint pursuant to 42 U.S.C. §1983. The court finds that Champion is unable to prepay the filing fee. The court grants Champion's motion for leave to proceed *in forma pauperis* and assesses an initial partial filing fee of $1.60 pursuant to 28 U.S.C. §1915(b)(1). The supervisor of inmate trust accounts at the Cook County Jail is authorized to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this action. The Cook County Jail inmate trust account office shall notify state correctional authorities of any outstanding balance in the event plaintiff is transferred from the Jail to a state correctional facility.

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

**STATEMENT**

Champion alleges that he was jailed on October 15, 2006. His property bag was inventoried and sealed by the Chicago Police and put into the Sheriff's custody. Someone in the State's Attorney's Office produced a fake subpoena directing Cook County Jail to release the bag to Chicago Police Officer Delia. A property release sheet shows that an assistant state's attorney picked up the bag from the county. Champion claims that defendants violated his right to be free from an illegal search and seizure and violated his due process rights. Champion seeks money damages.

Champion has another action pending before Judge Castillo, *Champion v. Dahlquist*, 07 C 1373, in which Champion was represented by counsel. Counsel was granted leave to withdraw on October 30, 2007; however, Champion was allowed to continue representing himself. One of the issues in that case concerns Champion's property bag. In a letter, received January 17, 2008, Champion writes that in Case No. 07 C 1373, he elected to drop the count against Delia and the City of Chicago because Delia returned his property bag at court on November 20, 2007. Judge Castillo granted Champion's motion and dismissed defendant Delia with prejudice on January 7, 2008. In addition, Champion filed another case in regard to his property bag, *Champion v. Godinez*, 07 C 4852 (N.D. Ill.), which Judge Guzman dismissed, noting that the case was duplicative of the case before Judge Castillo.

*Pro se* or not, a litigant has one chance to sue the same parties for the same events in federal court. *See Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394 (1981) (one dispute between the same parties may be litigated only once when first judgment rendered by a federal court). A litigant is barred with respect to all claims that were, or could have been, raised in the first suit. *Montana v. United States*, 440 U.S. 147, 153 (1979). As many courts have concluded, a complaint that seeks to relitigate previously dismissed claims is both frivolous and malicious. *See Okoro v. Bohman*, 164 F.3d 1059, 1064 (7th Cir. 1999); *DePineda v. Hemphill*, 34 F.3d 946, 948 (10th Cir. 1994); *Sassower v. American Bar Ass'n*, 33 F.3d 733 (7th Cir. 1994); *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *Aziz v. Burrows*, 976 F.2d 1158 (8th Cir. 1992); *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981); *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981); *Graham v. Riddle*, 554 F.2d 133, 135 (4th Cir. 1977).

Champion had his chance to sue defendants in Case No. 07 C 1373, and trying for a third time to sue the same defendants in regard to his property bag smacks of maliciousness.

This suit is accordingly dismissed as frivolous. Champion is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

*[signature]*